UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES,TACKLE, GEAR APPURTENANCES, ETC. *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABLITY | DOCKET NO._____<br><br>SECTION _____<br><br>**Admiralty – Rule 9(h)** |

**COMPLAINT AND PETITION OF**
**TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C. FOR EXONERATION FROM OR ALTERNATIVELY LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF SAID COURT:

NOW INTO COURT, by and through its undersigned counsel, come Tara Crosby, L.L.C. and Crosby Tugs, L.L.C., sometimes hereinafter collectively referred to as "Petitioners" or "Crosby", as owners and owners *pro hac vice* of the M/V CROSBY COMMANDER, her cargo, engines, tackle, gear, appurtenances, etc. *in rem*, in a cause of exoneration from and/or limitation of liability, civil and maritime, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 46 U.S.C. 30501 *et seq.*, and in support thereof shows as follows:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all as hereinafter more fully appears.

2.

Tara Crosby, L.L.C. is and, at all material times hereinafter mentioned, was a Louisiana Limited Liability Company with its principal place of business in this District. Tara Crosby, L.L.C. was at all material times hereto the owner of the M/V CROSBY COMMANDER.

3.

Crosby Tugs, L.L.C. is and, at all material times hereinafter mentioned, was a Louisiana Limited Liability Company with its principal place of business in this District. Crosby Tugs, L.L.C. was at all times material hereto the owner *pro hac vice* of the M/V CROSBY COMMANDER.

4.

The M/V CROSBY COMMANDER is a steel-hulled towing vessel operating on the navigable waters of the United States, bearing official number 592410. Her dimensions are approximately 71.2 feet in length, 26 feet in breadth, and 10.2 feet in depth. Prior to and at all times hereinafter described, Petitioners exercised due diligence to make and maintain the M/V CROSBY COMMANDER in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

5.

On information and belief, as of the filing of the instant Complaint, the M/V CROSBY COMMANDER has not been attached or arrested in connection with the voyage at issue, and no suits and/or claims have been filed against Petitioners arising out of the voyage at issue.

Accordingly, venue is proper in this District under Rule F(9), Supplemental Rules for Certain Admiralty and Maritime Claims, based on the fact that the vessel has not been attached or arrested, no suit has been commenced and the vessel is not located in any district.

6.

On or about May 29, 2017, the M/V CROSBY COMMANDER was engaged in its customary commercial practice of navigating the navigable waters of the United States when it encountered severe weather and sank in Eugene Island Block 159.

7.

Any and all injuries, damages, and/or losses, allegedly sustained by any person and/or entity were not caused or contributed to by any fault, negligence or lack of due care on the part of Petitioners or unseaworthiness or fault of the M/V CROSBY COMMANDER, or any person in charge of her, or any person for whom Petitioners were or are responsible. Petitioners reserve the right to amend and/or supplement this paragraph of the Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the alleged accident become fully known, and to prove them at the trial of this cause.

8.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Petitioners, or anyone for whom Petitioners are or at any material time were responsible.

9.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Petitioners, the M/V CROSBY COMMANDER's master, or Petitioners' superintendent or management personnel.

10.

There are no demands, unsatisfied liens or claims of liens, in contract or in tort, arising from the aforementioned voyage of the M/V CROSBY COMMANDER, so far as known to Petitioners.

11.

The voyage upon which the aforesaid allegations of injury, damages and/or losses occurred and on which the claims and demands sought to be limited began on or about May 29, 2017 and ended that same day, and occurred in the Gulf of Mexico.

12.

The entire aggregate amount or value of Petitioners' interest in the M/V CROSBY COMMANDER and her then pending freight at the end of the above-described voyage does not exceed the sum of US$56,125.00.

13.

The amount of the claims which are reasonably anticipated to arise from the events in question, exceed the amount and value of Petitioners' interest in the M/V CROSBY

COMMANDER immediately after the events in question and at the time of the termination of the voyage, and in her then pending freight.

14.

Petitioners desire to contest any liability of themselves and the M/V CROSBY COMMANDER for the injuries, damages and/or other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage in question.  Petitioners further claim exoneration from or limitation of liability for any loss, injuries, and damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity.  Petitioners allege that they have valid defenses on the facts and on the law to the claims of any present and/or future claimant.  Petitioners, without admitting but affirmatively denying all liability, further claim the benefit of Limitation of Liability as provided in Chapter 305 of Title 46 of the United States Code, as well as Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

15.

While not in any way admitting that Petitioners are under any liability for the alleged injury, damages and/or losses allegedly occurring as described above, Petitioners hereby claim and reserve the right to contest in this or any other Court any liability therefor, either of Petitioners or of the M/V CROSBY COMMANDER, and Petitioners claim and are entitled to have their liability, if any, limited to the amount or value of their interest as aforesaid in the M/V

CROSBY COMMANDER following the events in question, in addition to her freight then pending.

16.

Petitioners are ready and willing to give a Stipulation of Value with sufficient surety for the payment into the Court's registry of the amount or value of Petitioners' interest in the M/V CROSBY COMMANDER and her then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

17.

Petitioners hereby offer their *ad interim* stipulation with surety in the amount of $56,125.00 representing the value of Petitioners' interest in the M/V CROSBY COMMANDER and her then pending freight, at the time of the occurrence in question, and interest at the rate of 6% per annum. The *ad interim* stipulation is to stand in the place of a Stipulation for Value if the amount thereof is not contested by any Claimant herein. Petitioners stand ready and agree to comply with any other Order of the Court provided for in Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure with respect to additional security which the Court may from time to time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

18.

If it later appears that Petitioners are or may be liable and the amount or value of Petitioners' interest in the said M/V CROSBY COMMANDER and her then pending freight, as

aforesaid, is not sufficient to pay all losses in full, then claimant(s) shall share pro rata in the aforesaid sum, saving to claimant(s) any rights to priority he or they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court herein.

19.

Petitioners would show that no party or parties have given written notice of claim to Petitioners concerning the voyage in question of the M/V CROSBY COMMANDER.

20.

This Honorable Court has cognizance of this proceeding and this is the proper Court and District in which to file this Complaint and Petition as provided by Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

21.

All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray:

(A)     That the Court issue an Order approving the *Ad Interim* Stipulation with proper security for the payment into Court of the value of the Petitioners' interest in the vessel and its then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the

Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B)     That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the M/V CROSBY COMMANDER, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Petitioners on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)     That an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioners, the M/V CROSBY COMMANDER *in rem*, its agents or representatives or any other person whatsoever for whom Petitioners may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the M/V CROSBY COMMANDER;

(D)     That the Court in this proceeding adjudge:

(i)     That Petitioners are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent

upon the aforesaid occurrence(s) or voyage of the M/V CROSBY COMMANDER, and that therefore the M/V CROSBY COMMANDER and Petitioners are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii)     Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the M/V CROSBY COMMANDER, her engines, tackle, gear, and apparel, and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability.

(E)     That Petitioners have such other and further relief, both at admiralty and in equity, to which he may show himself to be justly entitled.

Respectfully submitted:


*/s/ Miles P. Clements*
Miles P. Clements, T.A. (LA 4184)
Joseph E. Lee III (LA 26968)
Brandon K. Thibodeaux (LA 32725)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163-3700
Telephone:    504-599-8000
Facsimile:    504-599-8100
E-Mail:        mclements@frilot.com
               jlee@frilot.com
               bthibodeaux@frilot.com

ATTORNEYS  FOR  PETITIONERS-IN-
LIMITATION  TARA  CROSBY,  L.L.C.
AND CROSBY TUGS, L.L.C.