UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RHE MATTER OF TARA CROSBY, L.L.C. AND CORSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | * * * * * * * * * * * * | CIVIL ACTION NO. 17-cv-05391 *related to* CIVIL ACTION NO. 17-cv-07238 <br><br> JUDGE: LANCE AFRICK <br><br><br> MAGISTRATE: KAREN WELLS ROBY |

### ANSWER, DEFENSES AND CLAIMS OF CLAIMANTS ROBERT PITRE AND JOSEPH HEBERT

ROBERT PITRE and JOSEPH HEBERT ("Claimants" or "Pitre" and "Hebert"), through undersigned counsel, respectfully object and submit the following affirmative defenses to the Complaint for Exoneration From or Limitation of Liability filed by Tara Crosby LLC, and Crosby Tugs, LLC (collectively "Crosby") on May 31, 2017. Claimants Pitre and Hebert respectfully assert and re-assert their claims against the Crosby defendants, as operator of the M/V CROSBY COMMANDER, as alleged in original action No. 17-cv-07238 filed on August 31, 2017.

### AFFIRMATIVE DEFENSES

ROBERT PITRE AND JOSEPH HEBERT respectfully submit the following affirmative defenses, which if inconsistent or later deemed inapplicable, are pled in the alternative:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). TARA CROSBY, LLC, and/or Crosby Tugs, LLC, was neither the owner

1

nor a demise or bareboat charterer of the M/V CRSOBY COMMANDER on May 29, 2017, and is not lawfully entitled to seek Exoneration From or Limitation of Liability under applicable law.

## SECOND DEFENSE

The Complaint of TARA CROSBY, LLC, and Crosby Tugs, LLC, fails to comply with the requirements of Rule F (2) of the Supplemental Rules for Admiralty or Maritime Claims regarding Limitation of Liability. The Petitioners' complaint fails to state the voyage, on which the demands sought to be limited arose, the date and place of its termination; the amount of all demands including the demands of Robert Pitre and Joseph Hebert, or all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on the voyage. Because these are essential elements of the Complaint, it should be deemed untimely filed and it should be dismissed.

## THIRD DEFENSE

The limitation fund is not only insufficient, the Complaint of TARA CROSBY, LLC, and Crosby Tugs, LLC, does not provide a reasonable basis for the valuation of the M/V CROSBY COMMANDER. The Petitioners' complaint herein was filed two days following the incident in issue yet professes to include a complete after-casualty evaluation. Upon information and belief, the vessel in issue was actually pulled back to the surface and brought to a dock in July 2017. Further, the Declaration of Tara Crosby Cheramie alleges that there was $42,525.00 in charter hire and/or freight aboard the vessel at the time of the incident in issue. However, the declaration does not adequately describe or list what the contents of the charter hire or provide an accounting of the freight aboard.

## FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for

Exoneration From or Limitation of Liability, or for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards and requirements. As such, this limitation action must be dismissed.

### FIFTH DEFENSE

The Crosby Petitioners had privity and knowledge of the unseaworthy condition and/or the negligent acts that caused the incident and are therefore not lawfully entitled to seek Exoneration From or Limitation of Liability. Further, the privity and knowledge of the vessel's master is conclusively deemed the privity or knowledge of the owner, and the privity and knowledge of those to whom management is delegated also constitutes the privity and knowledge of the corporate owner.

### SIXTH DEFENSE

The events culminating in the injuries of Robert Pitre and Joseph Hebert were the result of the negligence, fault, or want of due care on the part of the Crosby Petitioners and/or those for whom the Crosby Petitioners are responsible, and/or the unseaworthiness of the M/V CROSBY COMMANDER and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of the Crosby Petitioners, for which the Complaint for Exoneration From and/or Limitation of Liability should be denied.

### SEVENTH DEFENSE

The Crosby Petitioners are not entitled to seek to limit is liability because the Crosby Petitioners failed to maintain the M/V CROSBY COMMANDER properly equipped and in every

respect seaworthy and in good running order, and in every way fit and ready for use and for the employment intended, so far as the exercise of due diligence could have made her. Therefore, K&K Offshore has waived and relinquished its right to seek limitation is liability herein.

### EIGHTH DEFENSE

The M/V CROSBY COMMANDER was contractually engaged in a common enterprise under a single command at the time of the incident. Robert Pitre and Joseph Hebert assert the "flotilla doctrine." The limitation fund is inadequate and the Complaint should be dismissed because Tara Crosby, LLC, and Crosby Tugs, LLC, have failed to deposit adequate security for the Vessel and for the additional vessels, freight, and contracts within the flotilla, which were under a common operational control, supervision, and enterprise.

### NINTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

### TENTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V CROSBY COMMANDER and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Robert Pitre and Joseph Hebert's injuries took place with the privity and knowledge of the captain owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

## ELEVENTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V CROSBY COMMANDER and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

## TWELFTH DEFENSE

To the extent Tara Crosby, LLC's, and Crosby Tugs, LLC's, insurers may attempt to avail themselves of the limitation/exoneration defense, Claimants Pitre and Hebert assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## THIRTEENTH DEFENSE

The Complaint for Exoneration From or Limitation of Liability was not timely filed with all required information. In the event that it is deemed timely, it contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of his Claim and Answer herein.

## FOURTEENTH DEFENSE

The events culminating in the injuries of Claimants were not the result of any negligence, fault, or want of due care on their part or those for whom Pitre or Hebert may be responsible.

## FIFTEENTH DEFENSE

Claimants further allege that there were insurance coverages on the M/V CROSBY COMMANDER insuring Petitioner in the event of an occurrence, such as that which is the subject of Claimants' claims, and the proceeds of these insurance policies should be included in this

limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### SIXTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner(s), as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### SEVENTEENTH DEFENSE

Claimants specifically reserve all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, general maritime law and all other remedies, and no part of this Claim or Answer is a waiver of this defense or these rights. Claimants will move the Court to lift any injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). In the event that the limitation is not dismissed prior to trial, Claimants request that the limitation action and claimants' Jones Act and maritime claims be presented in one trial, before His Honor and the jury, to preserve claimants' right to a jury trial and avoid the costs and expenses that would result if the limitation and claimants' underlying Jones Act and maritime claims were tried independently.

### EIGHTEENTH DEFENSE

Claimants object to and reserves the right to contest the appraisal value of the M/V CROSBY COMMANDER and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## NINETEENTH DEFENSE

Alternatively, the limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner(s).

## ANSWER OF ROBERT PITRE AND JOSEPH HEBERT

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants respond to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability in the consolidated action, upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are admitted with respect to the limitation proceeding.

II.

The allegations contained in Paragraph 2 of the Complaint are admitted.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied. Claimants have brought suit against Petitioner and did so on July 28, 2017 in this Court.

VI.

Claimants admit that they were injured when the M/V CROSBY COMMANDER sunk on or about May 29, 2017. Claimants deny the inference in Petitioners' paragraph 6 that the cause of the sinking was solely attributable to severe whether when Petitioners knew about the conditions, knew about the size of the load the vessel in issue was pulling, and knowingly and negligently sent the claimants into harms way.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied.

X.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied as written.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Complaint are not disputed to the extent the Claimants agree that the amount of their claims will exceed the amount of the alleged value of Petitioners' claimed interest in the vessel in issue.

XIV.

The allegations contained in Paragraph 14 of the Complaint do not require a denial or affirmation.

XV.

The allegations contained in Paragraph 15 of the Complaint do not require a denial or affirmation.

XVI.

The allegations contained in Paragraph 16 of the Complaint do not require a denial or affirmation with the exception that the paragraph infers that Petitioners' valuation of the vessel and her pending freight is adequate. To this extent, the allegations contained in Paragraph 16 are denied as written.

XVII.

The allegations contained in Paragraph 17 of the Complaint do not require a denial or affirmation with the exception that the paragraph infers that Petitioners' valuation of the vessel and her pending freight at $56,125.00 is adequate. To this extent, the allegations contained in Paragraph 16 are denied as written.

XVIII.

The allegations contained in Paragraph 18 of the Complaint do not require a denial or affirmation.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied as written.

XX.

The allegations contained in Paragraph 20 of the Complaint are admitted.

XXI.

The allegations contained in Paragraph 21 of the Complaint do not require a denial or affirmation.

## **CLAIMS OF ROBERT PITRE AND JOSEPH HEBERT**

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, and Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Robert Pitre and Joseph Hebert now jointly file their Claims in connection with the Complaint for Exoneration from and/or Limitation of Liability of, and states that:

1.

Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim. Claimants also re-urge by this reference, the allegations set forth in their original complaint in Case 2:17-cv-07238-LMA-JCW (Doc 1).

2.

This lawsuit arises as a result of the injuries that Plaintiffs, Robert Pitre and Joseph Hebert, individually received on or about May 29, 2017 when the CROSBY COMMANDER sank approximately 30 nautical miles off the coast of Louisiana. At the time of the incident, the Plaintiffs were working in the scope of their employment for Defendant, Crosby Tugs, LLC and/or

Tara Crosby, LLC. In the midst of an attempted towing of an over-loaded barge, the CROSBY COMMANDER encountered previously forecasted rough weather with wind speeds reaching 65 miles per hour. The CROSBY COMMANDER sank in these conditions. Both Plaintiffs sustained severe injuries during the disaster.

3.

Tetra Technologies, Inc, had been attempting to load a platform and platform components onto a barge for purposes of having it towed to M.A.R.S. dock in Bayou Black for scrapping. Tetra had tremendous difficulty getting the components secured to the barge and engaged in multiple conference calls with Crosby Tugs. Despite the clear knowledge that the weather in the area was too dangerous to attempt the tow, Tetra and Crosby, collectively and negligently, called for and sent the CROSBY COMMANDER to complete the task. The weight of the over-loaded barge combined with the severe weather and wave heights led to the CROSBY COMMANDER sinking while attempting to make the voyage to the M.A.R.S. dock with the barge in tow. During the disaster, Plaintiff Joseph Hebert was thrown from one side of the wheelhouse to the other sustaining severe back and bodily injuries. Plaintiff Robert Pitre also injured his back, neck, and body. The four-man crew was able to evacuate the vessel and entered the water.

4.

The Plaintiffs witnessed one of their fellow crewmen succumb to the waves and drown. Fortunately, Mr. Pitre and Mr. Hebert were able to survive the ordeal but not without sustaining life-changing injuries as well as the emotional damages that come from experiencing a traumatic event and watching a friend die.

5.

As a result of the incident and injuries, Plaintiffs sustained severe injuries, which resulted in physical pain and suffering, physical disfigurement, physical impairment, and mental anguish and distress. In all reasonable probability, Plaintiffs' physical pain and suffering, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiffs has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future wages and earning capacity. Plaintiffs have incurred and will continue to incur pharmaceutical and medical expenses in connection with their injuries.

6.
### COUNT I – NEGLIGENCE

Plaintiffs aver each and every allegation made above and allege negligence and gross negligence against Defendants Crosby Tugs and Tetra Technologies under the Jones Act, general maritime laws, and any applicable Louisiana law.

7.

As Plaintiffs' Jones Act employer, Defendant Crosby had the absolute and non-delegable duty to, among other things, provide and maintain a safe workplace. Defendant Tetra controlled, managed, and were otherwise actively involved in the planning, oversight and execution of the operations that were taking place prior to and at the time of the incident and, therefore, had a duty to, among other things, ensure the safety of the operations, and the personnel involved in the operations.

8.

Defendants breached these duties—and were the proximate cause of Plaintiff's injuries—by, *inter alia*:

    a.    failing to provide a safe, competent, and qualified crew;

12

b. failing to properly train and supervise its crew;

c. failing to identify, prevent, and/or correct or eliminate hazardous conditions that they knew or should have known were present prior to and at the time of the incident;

d. failing to provide adequate safety equipment;

e. allowing or calling for the towing of the barge and platform equipment in weather conditions that were unreasonably dangerous;

f. failing to have adequately trained, qualified and experienced personal;

g. failing to provide adequate and required safety equipment;

h. failing to provide adequate medical treatment;

i. failing to maintain proper communications in light of forecasted weather conditions;

j. failing to provide adequate training or instruct crew on proper and safe emergency evacuation procedures;

k. failing to provide adequate emergency equipment;

l. failing to provide or attempt reasonable efforts to recover personnel following the sinking of a vessel;

m. violating applicable Coast Guard, MMS, BOEMRE, BOEM, and BSEE regulations;

n. violating federal laws, including but not limited to those contained in Title 46 of the United States Code, governing Vessels and Seaman;

o. other acts deemed negligent and grossly negligent;

9.

These—and other acts of negligence and gross negligence—resulted in severe injuries to Plaintiffs and were the proximate cause of those injuries and damages.

13

10.

Plaintiffs are also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiffs' health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions that caused Plaintiffs' injuries, but did nothing to prevent and/or rectify them. Instead, Defendants sent the Plaintiffs into dangerous conditions, and allowed a highly dangerous job to take place without adequate safety measures, adequate and properly trained and qualified crew, adequate and necessary support, and adequate and necessary communications among and/or between the crews and shore. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by attempting to load and tow the over-loaded barge in severe weather and as a result subjecting Plaintiffs to unreasonably dangerous conditions.

11.
**COUNT II – UNSEAWORTHINESS**

While re-alleging and re-averring each and every allegation made herein above and in Plaintiffs' Original Complaint, Plaintiffs allege that Defendant Tara Crosby, LLC, and Crosby Tugs, LLC, as owner and operator of the M/V CROSBY COMMANDER and Tetra Technologies, Inc., as owner of the barge and/or equipment being towed, owed an absolute and non-delegable duty to provide a safe place to work and/or safe and seaworthy vessels, equipment and appurtenances with this to perform the vessels' operations. Plaintiff alleges that Defendants Tara Crosby, LLC, Crosby Tugs, LLC, and Tetra Technologies, Inc., breached this duty of seaworthiness and that the breach of this duty proximately caused Plaintiffs' injuries and damages.

12.
## COUNT III – MAINTENANCE AND CURE

As American Seaman, Plaintiffs are entitled to maintenance and cure.

13.

While re-alleging and re-averring each and every allegation made herein above, Plaintiffs alleges that Defendant Crosby is liable to Complainants for wages, maintenance and cure and on-shore convalescent expenses and medical care until maximum medical recovery is attained for each Plaintiff individually.

14.

It is too early in the case to know whether the Crosby Defendants will comply with its/their obligations or whether it has or will wantonly, arbitrarily, willfully, and/or capriciously fail(ed) to live up to its maintenance and cure obligations. Should Defendant Crosby fail to comply with its obligations, Plaintiffs would be entitled to an award of punitive damages and attorneys' fees and costs. As such, Plaintiffs demand that Defendant Crosby fulfill its obligation under the Jones Act and general maritime law regarding maintenance and cure. Further, Plaintiffs maintain the right to seek punitive damages and costs on behalf of either individual or both Plaintiffs – should the facts and actions of Defendant concerning maintenance and cure so warrant.

15.

Complainants desires a trial by **CIVIL JURY** on all demands and causes of action herein.

**WHEREFORE**, Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all

cost of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

>Respectfully submitted,
>
>DELISE & HALL
>
>
>___s/Bobby J. Delise_____.
>BOBBY J. DELISE (#4847)
>1100 Poydras Street, Suite 1502
>New Orleans, Louisiana 70163
>Telephone: 504.836.8000
>Fax: 504.836.8020
>bjdelise@gmail.com
>
>- AND -
>
>Alton J. Hall, Jr. (#20846)
>528 W. 21st Avenue
>Covington, LA 70433
>Telephone: (985) 249-5915
>Telecopier: (985) 809-5787
>ahall@dahlaw.com
>
>-*AND*-
>
>*Admitted pro hac vice:*
>Eric J. Allen, Esq. TX Bar No. 24071064
>Zehl & Associates, PC
>Galleria Tower I
>2700 Post Oak Blvd., Suite 1120
>Houston, Texas 77056
>(713) 491-6064 Telephone
>(713) 583-1492 Facsimile
>
>**Attorneys for Claimants,**
>**Robert Pitre and Joseph Hebert**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11th, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

                         _____s/Bobby Delise_____.
                         Bobby Delise