UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF TARA CROSBY, LLC               CIVIL ACTION

                                                NO:     17-05391

                                                SECTION: "I" (4)

### ORDER

Before the Court is a **Motion for Leave to File Claims on Behalf of David Coltrin, Decedent (R. Doc. 41)** filed by Linda Bryant, the Administrator for the Succession of David Coltrin. The motion is opposed. R. Doc. 47. Oral argument was heard on February 21, 2018.

### I.    Background

This case originates from the filing of a limitation of liability action by Tara Crosby, LLC and Crosby Tugs, LLC pursuant to admiralty and maritime jurisdiction and Federal Rule of Civil Procedure 9(h). R. Doc. 1. Joseph Hebert and Robert Pitre filed claims in the action against Tara Crosby, LLC, Crosby, Tugs, LLC and Tetra Technologies, Inc. pursuant to the Jones Act and general maritime law. R. Doc. 11.

On May 29, 2017, the M/V CROSBY COMMANDER, a tugboat with a four-person crew, was towing the freight barge MARMAC 25. The M/V CROSBY COMMANDER sunk approximately 30-miles off the Louisiana coast. Claimants Hebert and Pitre were part of the crew aboard the M/V CROSBY COMMANDER and allege that they sustained severe personal injuries and have required substantial medical treatment. Another of the M/V CROSBY COMMANDER's crew, David Coltrin, drowned and the fourth crewmember settled his claims.

The instant motion was filed by Linda Bryant, the Administrator of the Succession of David Coltrin, Decedent, to request the Court to allow her to file claims against Crosby Tugs, LLC, Tara Crosby, LLC, and Tetra Technologies, Inc. R. Doc. 41. Bryant argues that: (1) the limitation

actions is pending and undetermined; (2) granting the motion will no way adversely affect the rights of any party; (3) there are legitimate reasons for filing beyond the period; and (4) there is good cause for the Court to grant leave to amend. R. Doc. 41-1, pp. 4-7.

The motion is opposed. R. Doc. 47. Crosby argues that: (1) Claimants have been aware of the deadline for filing claims and did not seek leave to extend the deadline; (2) the late claim would prejudice the Crosby Defendants because it creates an additional burden in completing discovery and complicates and alters the defense strategy mere months before trial; and (3) leave to file claims after the motion deadline is not automatic and motions in similar circumstances have been denied. *Id.* at pp. 1-2.

## II.    Standard of Review

When a limitation of liability proceeding is instituted in federal court, the court is empowered to establish a period during which all claimants must file their claims. Supp. Fed. R. Civ. P. F(4). Rule F(4) of the Supplemental Rules requires actual individual notice of the deadline for filing claims to all persons known to be asserting claims and notice by publication to all others. *Id.* Nevertheless, Supplemental Admiralty Rule F(4) provides that "[f]or cause shown, the court may enlarge the time within which claims may be filed." *Id.*

The Fifth Circuit in *Texas Gulf Sulphur* set forth three principles which must be considered when determining whether good cause exists. *In re River City Towing Services, Inc.,* 420 F.3d 385, 387 (5th Cir. 2005) *citing generally, Texas Gulf Sulphur v. Blue Stack Towing Co.,* 313 F.2d 359, 363 (5th Cir. 1963) Pursuant to Fifth Circuit precedent, the following factors must be considered: (a) whether the proceeding is pending and undetermined; (b) whether granting the motion will adversely affect the rights of the parties; and (c) the claimant's reasons for late filing. *Id.* at 363.

Relief from a claims deadline is not a matter of right, but rather depends on an equitable showing. *Id. citing Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359, 363 (5th Cir. 1963.)

### III.     Analysis

As an initial matter, the District Court issued an order stating that the deadline to file claims in the matter was September 11, 2017, and the notice deadline was August 21, 2017. R. Doc. 9. The District Court also set a discovery deadline of February 26, 2018, a Pre-Trial Conference for April 12, 2018, and the Trial is set for May 7, 2018. R. Doc. 14.

Bryant as Administrator of the Succession of David Coltrin argues that the factors under Rule F(4) all weigh heavily in favor of granting leave to amend to file claims on behalf of David Coltrin. R. Co. 41-1, p. 5. She argues that the action is still undetermined and pending. Bryant contends that discovery is still on-going, as discovery responses have been recently produced, only depositions of Claimants have occurred, and no dispositive motions have been filed. *Id.*

Second, she argues that no parties' rights shall be adversely affected because Crosby has long known about the decedent, who was part of the four-man crew. Further, she is represented by the same counsel as Claimants Hebert and Pitre, which will streamline the process and it will cause no appreciable effect on any of the Court's deadlines in this matter. *Id.*

Third, she argues that there are legitimate reasons for filing beyond the period set by the Court, namely that she had no actual or constructive notice of the deadline because she resides approximately 2,000 miles for New Orleans and has never read the *Times-Picayune*, the sole source of the notice of the limitations action. *Id.* at p. 6.

Crosby opposes the motion and argues that Crosby complied with the Court's order and requirements of Rule F(4) because not only did they put the notice in the paper but mailed a copy to the decedent's last known address because no person had made a claim on his behalf. R. Doc.

47, p. 1. Crosby also states that counsel for the Claimants had been aware of the deadline and did not seek to extend it. *Id.* Further, Crosby argues that this would prejudice them because the current action is one of contributory negligence and navigational errors, whereas adding the claim of the decedent creates additional burdens in discovery and alters the defense strategy mere months before trial. *Id.* at p. 2.

The Court finds that as an initial matter the District Court provided the deadline to file claims in this matter. Further, the Court finds that Crosby complied with the requirements and procedures set out in Rule F(4) because it issued notice in a newspaper as directed by the District Court for four successive weeks prior the Court's deadline as well as mailing notice to the decedent's last known address. In addition, counsel for Claimants did not dispute or argue that Crosby failed to comply with Rule F(4). The question, therefore, becomes whether Bryant has demonstrated the cause necessary to for the Court to grant her motion.

The first factor the Court considers is whether the matter is pending and undetermined. There is no doubt that this case is still pending and undetermined. As a result, the first factor weighs in favor of granting the motion.

The second factor the Court considers is whether granting the motion will adversely affect the rights of parties. The only additional discovery likely required for the added survival action would be a deposition and that the costs of the litigation will not increase significantly with the granting of the motion. The Court finds that granting leave to file claims in this matter will not adversely affect the rights of the parties in this case and as such the second factor weighs in favor granting the motion.

The last factor that a court considers is the reason for the late filing. Counsel for Bryant indicated that she lives in Santa Barbara, California, and she does not subscribe and has never read the *New Orleans Times-Picayune*, where the notice was published.

Crosby argued that this case is similar to *In re Walter A. Stokes, et al.,* No. 16-14570 (E.D. La. Sept 28, 2017), in which the District Court denied leave to file untimely claims. This argument is not persuasive because in that case the District Court denied the motion when the reason given for the failure to timely file was described as an oversight. Bryant is not arguing oversight, but instead that she had no notice because of the geographical distance and lack of access to where the notice was published.

A court may consider lack of actual notice as sufficient cause to permit late filing, but "is not bound to do so." *In re Diamond B. Marine Services, Inc.,* No. 99-951 2000 WL 306634 at * 3 (E.D. La. Mar. 23, 2000). Courts in this Circuit have found cause for untimely filing when there is lack of notice, an unusually short monition period, inability to speak the language in which the notice was published, and lack of publication in the attempted claimant's geographical area. *In re Complaint of Clearsky Shipping Corp.*, No. 96-4099 2000 WL 1741785 (E.D. La. 2000)(internal citations omitted). This Court has also previously acknowledged that absence of circulation of the newspaper in which notice was provided in the town of a claimant is good cause for untimeliness. *In re So. Towing Co.*, No. 09-5833, 2010 WL 11549338 (E.D. La. September 23, 2010).

The Court, therefore, finds that because Bryant lived outside of the geographic scope of the newspaper where the notice of the deadline was published, she has provided a sufficient reason and cause for the untimely filing. While this Court is still not fully aware of how Bryant was finally able to receive notice in the matter, the Court finds that the third factor also weighs in favor of granting the motion.

As a result, the Court finds that the factors weigh in favor of Bryant in this matter and that the motion should be granted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to File Claims on Behalf of David Coltrin, Decedent (R. Doc. 41)** is **GRANTED.**

New Orleans, Louisiana, this 26th day of February 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**