UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF TARA CROSBY, LLC          CIVIL ACTION

                                           NO:     17-05391

                                           SECTION: "I" (4)

**ORDER**

Before the Court is Tetra Technologies, Inc.'s ("Tetra") **Motion for Protective Order (R. Doc. 75)** and **Motion for Expedited Hearing (R. Doc. 76)** on the motion for protective order.

This litigation arises out of the sinking of the M/V CROSBY COMMANDER while towing the MARMAC 25, a barge, in the Gulf of Mexico. It began with the filing of a limitation of liability action by Tara Crosby, LLC and Crosby Tugs, LLC pursuant to admiralty and maritime jurisdiction and Federal Rule of Civil Procedure 9(h). R. Doc. 1. Joseph Hebert and Robert Pitre filed claims in the action against Tara Crosby, LLC, Crosby, Tugs, LLC and Tetra Technologies, Inc. pursuant to the Jones Act and general maritime law. R. Doc. 11. The Court then granted leave for Linda Bryant to file claims as Administrator of the Succession of David Coltrin as well. R. Doc. 56. Joseph Hebert, Robert Pitre, and David Coltrin were all crewmembers aboard the CROSBY COMMANDER at the time of its sinking.

The instant motion was filed by Tetra seeking a protective order from a Notice of Deposition that was allegedly served on Tetra by the Claimants. Tetra states that it objects to the topics that were raised. R. Doc. 75. The motion was filed on May 3, 2018. The same day Tetra filed a motion to expedite hearing on the motion for protective order stating that the deposition notice was for May 4, 2018. R. Doc. 76.

First, Tetra has not attached any exhibits to the motion. The Notice of Deposition is not attached. There is no indication when the notice was served on Tetra or how long Tetra was aware of these topics. Further, the only evidence of the alleged topic are bullet point listings within Tetra's memorandum in support of its motion. There is no additional information or evidence attached to Tetra's motion to expedite.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party. Fed. R. Civ. P. 26(c)(1)(A)-(H). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]' " *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted

to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

Tetra's motion fails for a number of reasons. First, Tetra has the burden to show the necessity of the issuance of a protective order with a particular and specific demonstration of fact. Tetra is seeking a protective order from a Notice of Deposition that has not been filed as part of the motion or is in anyway part of the record. As such, Tetra cannot meet their burden with a particular and specific demonstration of fact as there is nothing for the Court to consider apart from the memorandum in support of the motion.

Second, the motion for protective order and motion to expedite were filed on May 3, 2018, with the deposition allegedly occurring on May 4, 2018. The motions were not filed in a manner that would allow for the Court to be able to conduct an expedited hearing on the motion prior to the deposition. Further, the Court is unaware how long Tetra had knowledge of the deposition topics before filing the motion for protective order or why the motion could not have been failed in a more timely manner such that a traditional motion hearing or expedited hearing was possible.

Third, Rule 26(c)(1) requires that the motion contain a certification that the movant has in good faith conferred or attempted to confer with the other affected parties to resolve the dispute without court action. There is no language in the motion itself or a separate certification that this requirement of Rule 26(c) has been complied with.

Based on the information available to the Court, the motion for protective order is denied and therefore the motion to expedite is moot.

Accordingly,

**IT IS ORDERED** that the Tetra Technologies, Inc.'s **Motion for Protective Order (R. Doc. 75)** is **DENIED.**

**IT IS FURTHER ORDERED** that Tetra Technologies, Inc.'s **Motion for Expedited Hearing (R. Doc. 76)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 14th day of May 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**