UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, LLC, AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC. *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-05391<br><br>SECTION: "M" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Independent Medical Examination (Rec. Doc. 112)** filed by Petitioners Crosby Tugs, LLC and Tara Crosby, LLC ("Crosby"). Crosby requested expedited consideration of the Motion, which the Court granted. Rec. Doc. 114. Claimant Robert Pitre opposes the Motion. Rec. Doc. 115. The Court heard the Motion via a telephone discovery hearing on November 30, 2018.

**I.     Background**

At issue in this litigation are injuries arising from the sinking of the vessel Crosby Commander on May 29, 2017. Mr. Robert Pitre was the captain of the Crosby Commander, and he alleges lumbar and cervical injuries. Mr. Pitre underwent a Court ordered Independent Medical Examination ("IME") of both his lumbar and cervical injuries on May 15, 2018, carried out by Dr. Everett Robert. On June 24, 2018, Dr. Robert issued a report finding that Mr. Pitre had suffered no cervical or lumbar injuries caused by the sinking of the Crosby Commander. The IME was ordered just before Mr. Pitre underwent lumbar spine surgery.

On November 26, 2018, Mr. Pitre purportedly informed Crosby that he would be undergoing a three-level fusion of his cervical spine on December 7, 2018. Rec. Doc. 112-1, pp., 1-3. Crosby requested a second IME prior to the cervical fusion, which Mr. Pitre denied.

### III.     Law and Analysis

Crosby now seeks an order compelling the second IME of Mr. Pitre prior to the cervical fusion. Rec. Doc. 112. Crosby maintains that a second IME is necessary because Mr. Pitre's medical condition may have changed in the six months since the first IME. Crosby also argues that a second IME will allow it to assess whether the surgery is necessary or if it merely adds to his damages. Crosby further argues that the surgery is itself evidence of a change in medical condition necessitating a second IME. *Id.*, p. 2. Finally, Crosby argues that they have no improper intention of delaying Mr. Pitre's surgery because Dr. Robert is available to conduct the second IME on December 4, 2018.[1]

Mr. Pitre opposes the Motion, arguing that Crosby has not put forth any concrete evidence that his medical condition has changed in the mere six (6) months since the first IME was performed. Rec. Doc. 115. Mr. Pitre also maintains that the first IME fully addressed both his lumbar spine *and* cervical spine injuries, and that Crosby has no legitimate need to examine him.

Federal Rule of Civil Procedure 35 provides that a court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" if (1) the party's mental or physical condition is in controversy and (2) the movant shows "good cause." Fed. R. Civ. Pro. 35(a). Rule 35 is not satisfied by "mere conclusory allegations of the pleadings ... but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). When determining if a party has shown good cause, courts consider whether "a plaintiff plans to prove his claims

---

[1] Movants note in the instant Motion that Dr. Robert will conduct the second IME. However, in their Motion to Expedite (Rec. Doc. 113) filed in conjunction with this order, Movants state that the IME will be conducted by a board-certified orthopedic surgeon named Dr. Chris Cenac, Sr.

through the testimony of expert witnesses," if an examination would preserve the "equal footing of the parties," and whether the movant has "exhausted alternative discovery procedures." *Lahr v. Fulbright & Jaworski*, L.L.P., 164 F.R.D. 169, 200 (N.D. Tex. 1995)(internal citations omitted); *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012).

Rule 35 does not limit the number of independent medical examinations that may be ordered. Fed. R. Civ. Pro. 35; *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992). However, some courts are concerned about protecting a party's privacy from additional examinations. *See Moore*, 142 F.R.D. at 135. Courts have found that a second examination is justified when: (1) "separate injuries call[ ] for examination by distinct medical specialties"; (2) "a physician requires assistance of other consultants before he can render a diagnosis"; (3) the first examination was inadequate or incomplete; or (4) there has been a "substantial time lag ... between the initial examination and the trial." *Id.*; *Mathias v. Omega Protein, Inc.*, No. 10-2835, 2011 WL 1204000, *3 (E.D. La. 2011); *see also Guidry v. Noble Drilling Servs. Inc.*, 2018 WL 2418835 (E.D. La. May 29, 2018).

Here, though Mr. Pitre's spine injuries are at issue in this matter, Crosby has offered only speculation to support their proposed second Independent Medical Examination. Crosby *speculates* that Mr. Pitre's medical condition may have changed in the six (6) months since his first Examination, it *speculates* that the planned surgery is evidence of that medical change, and it *speculates* that the three-level cervical fusion may be unnecessary or harmful. Rec. Doc. 112-1, pp. 1-2.

Crosby has not argued any factual basis for their belief that Mr. Pitre's scheduled surgery is evidence of a change in medical condition. Dr. Robert reported after the first IME that Mr. Pitre suffered from a degenerative disk disorder that is unrelated to sinking of the Crosby Commander.

3

Rec. Doc. 115, Exhibit 2. Additionally, Mr. Pitre's prior surgery concerned his *lumbar* spine, and the surgery now at issue concerns his *cervical* spine. Considering his purported degenerative disk disorder, and his prior surgery concerned his lumbar spine, it is unsurprising that Mr. Pitre is now scheduled to undergo an additional surgery to his cervical spine. Further, Crosby has not argued that Mr. Pitre suffered an intervening trauma in the six months since the first IME. Consequently, Crosby's argument that the cervical spine surgery is evidence of a medical change in Mr. Pitre is unpersuasive.

Finally, it is undisputed that Crosby's prior IME fully addressed both Mr. Pitre's lumbar spine and cervical spine. Crosby has therefore already performed the best "discovery procedure" to assess Mr. Pitre's alleged injuries—an Independent Medical Examination—and it has failed to provide a factual basis explaining why a second Examination is necessary. *Lahr v. Fulbright & Jaworski*, L.L.P., 164 F.R.D. 169, 200 (N.D. Tex. 1995) (internal citations omitted); *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012).

Consequently, Crosby has failed to make an "affirmative showing . . . that good cause exists" for a second Independent Medical Examination of Mr. Pitre. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

Accordingly,

**IT IS ORDERED** that Crosby's **Motion to Compel Independent Medical Examination (Rec. Doc. 112)** is **DENIED.**

New Orleans, Louisiana, this 4th day of December 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE**

4