UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF TARA CROSBY, LLC, ET AL.** | **CIVIL ACTION**<br><br>NO: 17-5391<br><br>SECTION: "M" (4) |

### ORDER

Before the Court is **Claimants' Emergency Motion to Quash Depositions (R. Doc. 149)** filed by the Claimants Robert Pitre ("Pitre") and Joseph Hebert ("Herbert") seeking an order from this Court quashing the depositions of Robert Pitre, Joseph Hebert, and Dr. Todd Cowen unilaterally noticed for Friday, October 4, 2019. This motion is opposed. R. Doc. 156. This motion was originally set for submission on October 16, 2019, but Claimants sought expedited consideration of the issues. R. Doc. 150. The Court granted that Claimants' Motion to Expedite (R. Doc. 150) and held oral argument on October 3, 2019, at 10:30 a.m. via telephonic conference call. R. Doc. 158.

### I.   Background

Petitioners Tara Crosby, L.L.C. and Crosby Tugs, L.L.C. (collectively "Crosby"), filed this instant action on May 31, 2017, in the United States District Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure following an offshore naval incident. R. Doc. 1. The incident occurred on May 29, 2017, when the M/V Crosby Commander encountered severe weather and sank in the Eugene Island Block 159, approximately thirty (30) nautical miles off the coast of Louisiana. R. Doc. 1, p. 3. Claimants Robert Pitre ("Pitre") and Joseph Hebert ("Herbert") do not dispute suffering injury when the M/V Commander sunk but allege that severe weather was not the sole cause of injuries as Petitioners knew about the conditions and the size of the load the

vessel was pulling, and knowingly and negligently sent them into harm's way anyway. R. Doc. 11, p. 8.

More specifically, Claimants Herbert and Pitre allege that, in the course and scope of their employment as seamen for Crosby, and while attempting to tow an over-loaded barge, the M/V Crosby Commander encountered previously forecasted rough weather with winds speeds reaching sixty-five (65) miles per hour, which combined with the wave heights, caused the M/V Crosby Commander to sink. R. Doc. 11, p. 10-11. While the four-man crew was able to evacuate the vessel and enter the water, Claimant Herbert was thrown from one side of the wheel house to the other sustaining severe back and bodily injuries; Claimant Pitre also sustained injuries to his back, neck, and body. R. Doc. 11, p. 11.

As to this instant motion, Petitioners seek to redepose, for a second time, Claimant Pitre[1] and Claimant Hebert[2] and to depose, for the first time, Dr. Todd Cowen, M.D. ("Dr. Cowen"), Claimants' retained expert and physician life care planner. R. Doc. 149-1, p. 2. The current scheduling order imposes a discovery deadline of October 4, 2019. R. Doc. 123.

Claimants move to quash the depositions of the following witnesses: (1) Todd Cowen, M.D.,[3] (2) Joseph Hebert,[4] and (3) Robert Pitre[5] to avoid undue burden and expense, unnecessarily cumulative and duplicative discovery, and to preserve judicial economy and orderly trial. R. Doc. 150-1, p. 1. More specifically, Claimants contend that the depositions should be quashed (1) because the notice does not comply with Federal Rule of Civil Procedure 30(a)(2)(A)(i)-(ii), (2)

---

[1] Originally deposed on January 30, 2018.
[2] Originally deposed on January 20, 2018.
[3] Unilaterally noticed on September 27, 2019 for October 4, 2019.
[4] Unilaterally noticed on September 30, 2019 for October 4, 2019.
[5] Unilaterally noticed on September 30, 2019 for October 4, 2019.

that there is no good cause or new development that would warrant a second deposition, and (3) that Petitioner waited until the last day of discovery to depose Claimants and their life care expert, Dr. Cowen. *See* R. Doc. 150-1.

Petitioners opposed the motion, orally, contending that they (1) do not need leave of court to redepose Claimants, even on the eve of trial, and (2) need to depose the life care planner expert to guard against the development of any new information. Also, in opposition, filed post-hearing but orally communicated to the Court, Petitioners contend that (1) second pretrial update depositions of personal injury plaintiffs are common and relatively standard practice and, as such, should be allowed to proceed as a matter of course; (2) a second updated deposition is proper and appropriate for Crosby to learn of complaints of medical condition, life style, re-employment efforts, any intervening accident, illnesses or trauma, and what Claimants have done in preparation for trial; and (3) the notices of deposition are reasonable as the depositions have been noticed to take place within the discovery deadline at a reasonable location. R. Doc. 156, p. 1-3.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 30(b)(1), governing the noticing of depositions by oral examination, provides "[a] party who wants to depose a person by oral examination must given reasonable written notice to every other party." Fed. R. Civ. Pro. 30(b)(1). Rule 30(b)(1) further provides that "[t]he notice must state the time and place of the deposition and, if known, the deponent's name and address." *Id.* In addition, Rule 30(a)(2)(A)(ii) provides where "the deponent[s] ha[ve] already been deposed in the case" that in order for a deposition by oral examination to be taken "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. Pro. 30(a)(2).

While discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials, *Herbert v. Lando*, 441 U.S. 153, 176 (1979), discovery, nevertheless, has "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Under Rule 26(b)(2)(c), "the court must limit the frequency of extent of discovery allowed by these rules if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, and less expensive [and] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. Pro. 26(b)(2)(C)(i)-(ii). "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

### III. <u>Analysis</u>

As an initial matter, the Court takes special note of the reinstituted discovery deadline imposed by the Scheduling Order—October 4, 2019. R. Doc. 123. Here, the Court is of the opinion that Petitioners' dilatory act of unilaterally noticing three (3) depositions for the day of the discovery cutoff, with little notice to Claimants and their expert witness, and in hopes of pressuring Claimants to agree to reschedule the deposition beyond the time limits imposed by the Scheduling Order (R. Doc. 123) is not the sort of permissible discovery processes contemplated by Federal Rules of Civil Procedure. *See Fairley v. Wal-Mart Stores*, Inc. No. 14-0462, 2016 WL 2992534, at *1 (Roby, K.) (E.D. La. May 24, 2016) ("It is axiomatic that to complete discovery means that <u>all</u> disputes relative to discovery. . . must be filed and resolved prior to that date.").

By noticing three (3) depositions for the date of the discovery deadline, Petitioners fail to take into account any disputes that may arise between the parties in the course of conducting those depositions. As such, should a party need to seek judicial intervention as to such dispute, arising out of the taking of these depositions, at that point, it would be too late. *See id.* This finding of untimeliness does not even take into consideration Petitioners' suggestion that parties simply conduct the depositions outside the time period allotted and imposed by the scheduling order in this case. R. Doc. 149-6 ("If this Friday, October 4 is inconvenient for you or the other witnesses, we are happy to discuss an alternate date in our conversation this afternoon. If the depositions are pushed back, we will need to reach an agreement to work past the discovery cutoff date which, as you know, is this Friday."). As such, the Court finds Petitioners' deposition notice to Pitre and Herbert, as well as their expert Dr. Cowen is not timely. *See Fairley*, 2016 WL 2992534, at *1.

Moreover, Federal Rule of Civil Procedure 30(b)(1) requires Crosby to provide <u>reasonable</u> written notice to every other party that states the time and place of the oral deposition. Fed. R. Civ. Pro. 30(b)(1). While the rules do not expound on what exactly constitutes reasonable notice, case law is both instructive and consistent that less than a week's notice cannot constitute reasonable notice. *See, e.g., In re Teon Maria, LLC*, No. CIV.A. 12-2272, 2013 WL 5507286, at *2 (Roby, K.) (E.D. La. Sept. 30, 2013) (finding "a week or less is not sufficient notice pursuant to the rules") (citing *Gulf Prod. Co., Inc., et al. v. Hoover Oilfield Supply, Inc., et al.*, No. 08–5016, 09–0104, 09–2779, 2011 WL 891027 at*3 (E.D. La. Mar. 11, 2011) and *Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 (N.D. Miss. Nov.5, 2008) (finding that three days' notice for deposition clearly unreasonable))).

The Court finds that seven (7) days' notice—let alone four (4) days' notice—cannot provide reasonable notice. So, despite Petitioners' averments they in fact provided seven (7) days' notice, as opposed to three (3) days' notice as Claimants suggested, a week or less simply cannot constitute reasonable notice within the meaning of the rules.[6] *Id.* The Court, therefore, finds the Petitioners' deposition notice, in regard to both Claimants Pitre and Herbert, as well as Claimants' expert Dr. Todd Cowen's depositions, does not give reasonable notice.[7]

### A. Claimants Herbert and Pitre

The Court, as an initial matter, notes that proper procedure for Petitioners seeking a second deposition of persons already deposed in a case is not to unilaterally notice the second depositions, but instead move for leave of court. Fed. R. Civ. Pro. 30(a)(2).

Claimants Herbert and Pitre contend that a second deposition is inappropriate under the circumstances as it would be unreasonably cumulative and duplicative. This Court held in *Kansas City Southern Railroad Company*, "[r]equiring a party to be re-deposed is unreasonably cumulative and duplicative where, as here, the [party seeking a second deposition] has already had an ample opportunity to obtain the information it seeks." *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, No. CV 05-1182, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008) (citing *Chevron U.S.A., Inc. v. Aker Maritime, Inc.*, No. 03-2027, 2007 WL 1558710, at *1 (E.D. La. May 30, 2007) (denying the plaintiff's motion for leave to re-depose a party)). Petitioners argue, despite their

---

[6] Petitioners contend that on September 27, 2019, 1) they noticed Dr. Todd Cowen and 2) Claimants' counsel was notified, via email communications, of Petitioners' intent to notice Claimants' redeposition, which provides for a seven (7) days' notice. Claimants do not dispute this but maintain regardless that seven (7) days' notice cannot constitute reasonable notice within the meaning of the rules. The Court notes that providing notices on September 27, 2019, for October 4, 2019 depositions actually only provides for a full six (6) days' total notice.

[7] Claimants also note, in deposing a duly retained expert, proper protocol in this situation would not be to unilaterally notice the expert but the Claimants' counsel. While the Court notes standard practice, it refrains from making a reasonableness finding on this issue at this time.

having ample time and opportunity to obtain the discovery they seek,[8] by Claimants' expert Dr. Cowen providing a life care plan status update on September 19, 2019, the retaking of Claimants' deposition is now warranted. To this the Court disagrees.

In order to for the Court to find circumstances warranting the retaking of Claimants' deposition, a change in situation beyond a mere update of Claimants' current physical capabilities, limitations, and employment status and that Petitioners were unable to acquire in the first deposition would need to arise. *Id.* Without this more drastic change in circumstances, the second depositions would simply be "a rehash of information already disclosed." *Id.* Petitioners have made no representation to the Court, at the hearing or in their post-hearing brief, that constitutes such a change in circumstance. As such, the Court finds the mere lapse in time from the taking of Claimants' original deposition to now does not constitute the sort of change in circumstance envisioned by the rules. Thus, the Court finds the second depositions of Claimants Pitre and Herbert unnecessarily cumulative and duplicative. *See* Fed. R. Civ. Pro. 26(b)(2)(C)(ii).

Claimants further contends seeking to redepose Pitre and Herbert at this point would constitute an undue burden. Petitioners nonetheless suggest, despite the late stage discovery, these types of depositions are "proper and appropriate" so to enable Petitioners Crosby to "learn of Claimants' complaints and medical condition, life style, re-employment efforts, and intervening accident, illnesses or trauma, and what they have done in preparation for trial." R. Doc. 156, p. 3.

The Court tends to agree with Claimants that "[a]ny questions Crosby has regarding changes that occurred between the Claimants' deposition and now can be adequately addressed

---

[8] Petitioners admit they originally deposed Claimants in January of 2018—one (1) year and nine (9) months ago—and received Dr. Cowen's original medical examination and report in May of 2018—one (1) year and five (5) months ago.

through cross-examination at trial." *See* Fed. R. Civ. Pro. 26(b)(2)(C)(i) (stipulating the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient.").

The Court further agrees that "[g]enerally, during the late stages of a case that has been pending for several years, any benefit from permitting an additional deposition is far outweighed by the burden it imposes." *Kansas City S. Ry. Co.*, 2008 WL 11351311, at *3. When assessing "the burden of additional discovery, including updated depositions, outweighs the benefit" the Court further considers "(1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues." *Id.* (citing Fed. R. Civ. P. 26(b)(2)(c)).

This case has been pending for nearly two and a half years, during which time parties have already expended great time and expense litigating this case. *See* R. Doc. 1. At hearing, the Court inquired as to Petitioners' need for an update deposition and was met with the response that it is simply done as a matter of course and routine. This the Court cannot accept. Likewise, the Court cannot find the redeposition of Claimants of great import for the reasons previously discussed, namely that Petitioners already have adequate discovery as to Claimants and their current life status. Petitioners simply present no evidence, to justify the resource expenditure, to include cost, time, travel, and the burden of additional discovery, as to these depositions so close to the brink of the discovery deadline. As such, the Court finds the taking of Claimants Pitre's and Herbert's second deposition unduly burden. *Kansas City S. Ry. Co.*, 2008 WL 11351311, at *3.

Accordingly, as the Court finds that Claimants Pitre and Herbert's deposition notice are untimely, without reasonable notice, procedurally improper, unreasonably cumulative and

duplicative, obtainable from a more convenient source, unduly burdensome, and that Petitioners had ample opportunity to obtain the desired information, the Court will grant Claimants' Motion to Quash with respect to the depositions of Claimant Robert Pitre and Claimant Joseph Herbert.

### B. Claimants' Expert Dr. Todd Cowen

As the Court noted above, Petitioners Crosby have noticed the deposition of an expert witness in this case more than sixteen (16) months after the Claimants designated him as an expert witness and produced his initial reports. R. Doc. 149-1, p. 3. Still, as Petitioners have yet taken a discovery deposition of Dr. Todd Cowen, at hearing the Court gave Petitioners the opportunity to provide a reasonable explanation for the delay. Nonetheless, while both Claimants and Petitioners confirmed that the original report was sent in May 2018, Petitioners were unable to provide reason, beyond simple strategic choice, for waiting until the last moments of discovery to notice this deposition.

Petitioners admit that during the course of discovery they have deposed both Claimants, received the original life care plans for both Claimants, and have received status update reports—including those on September 19, 2019—as to Claimants' life care plans. Thus, despite Petitioners' contentions to the contrary, the other depositions conducted, and other discovery methods employed to this point are more than sufficient especially in consideration of the discovery deadline. The Court accordingly finds Claimants' medical conditions are well documented in their medical records, discovery responses, and original depositions. *Kansas City S. Ry. Co.*, 2008 WL 11351311, at *2. As such, the Court further finds Petitioners have had more than ample opportunity to depose Claimants' retained expert physician life care planner or obtain the information they now desire from Dr. Cowen from some other source. *Id.* The Court, therefore, concludes that

Petitioners Crosby had an ample opportunity to obtain the information from the parties themselves and from additional sources. *Id.*; Fed. R. Civ. Pro. 26(b)(2)(C)(ii).

Moreover, because of the deposition's late nature, and as the parties can likely readily attain the information sought from the documents presently before the Court record, the Court finds the burden great considering the needs of this case. *Id.*; Fed. R. Civ. Pro. 26(b)(2)(C)(i). Likewise, Petitioners have not proffered any reasonable explanation as to the importance of this proposed discovery at such a late stage beyond mere strategic choice. *See id.* As such, the Court cannot conclude the importance of the discovery issue at hand outweighs the burden of conducting a late stage expert deposition. *See Kansas City S. Ry. Co.*, 2008 WL 11351311, at *2. Thus, the Court concludes permitting an additional deposition is far outweighed by the burden it imposes. *Id.* (citing *Chevron*, 2007 WL 1558710, at *1).

The Court further notes that, as it found Petitioners' notice gave unreasonable notice, that any attempt to renotice the deposition of Dr. Todd Cowen so to allow for reasonable notice would extend beyond the time period allotted for discovery and imposed in the Scheduling Order (R. Doc. 123). As such, Petitioners needed to provide an evidence sufficient to warrant a finding of "good cause" pursuant to Federal Rule of Civil Procedure 16(b) and in connection with a Rule 16 scheduling order. *See Chevron*, 2007 WL 1558710, at *1. The Court notes Petitioners' utter failure to address good cause.

Moreover, "[w]hile the matters that would be the subject of yet another deposition in this case may be important, ample opportunity to inquire into them has already occurred, so that the explanation for the need to extend the discovery deadline is unpersuasive, no prejudice results by not extending the deadline and no continuance is necessary on this ground." *Id.* at * 2 (finding

"good cause" had not been demonstrated). As such, the Court does not find Petitioners have made a good cause showing to allow for the taking of Dr. Todd Cowen's deposition beyond the discovery deadline.

Accordingly, as the Court finds the deposition notice of Dr. Todd Cowen is untimely, without reasonable notice, an undue burden, and that Petitioners have already had ample opportunity to conduct the desired discovery and lack of good cause for deposing Dr. Todd Cowen beyond the deadline imposed in the Scheduling Order (R. Doc. 123), the Court will grant Claimants' Motion to Quash with respect to the deposition of Dr. Todd Cowen, M.D.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that **Claimants' Emergency Motion to Quash Depositions (R. Doc. 149)** is **GRANTED**.

New Orleans, Louisiana, this 31st day of October 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**