UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC., *IN REM*, PETITIONING FOR THE EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

# ORDER

Before the Court is claimants Joseph Hebert and Robert Pitre's motion to bifurcate.[1] Claimants request that the Court bifurcate the trial in this way: (1) a jury trial on claimants' Jones Act and general maritime law claims, and (2) a bench trial on the limitation of liability action filed by Crosby Tugs, L.L.C. and Tara Crosby, LLC (collectively, "Crosby"). No opposition was filed.[2] Having considered claimants' memorandum, the record, and the applicable law,

IT IS ORDERED that the motion is GRANTED. Courts in the Fifth Circuit typically follow a two-tiered procedure in which claimants' Jones Act and other general maritime law claims are tried to a jury, and the limitation of liability question is tried by the judge. *See, e.g., Brister v. A.W.I., Inc.*, 946 F.2d 350, 353 (5th Cir. 1991); *In re Marquette Transp. Co. Gulf-Inland, LLC*, 2014 WL 6389978, at *4-5 (E.D. La. Nov. 13, 2014); *In re L.L.P. & D. Marine, Inc.*, 1997 WL 563999, at *2-3 (E.D. La. Sept. 8, 1997). This "preserve[s] the Jones Act right to jury trial in limitation of liability proceedings." *In re L.L.P. & D.*, 1997 WL 563999, at *2. Accordingly, the Court "will follow the procedure adopted by other district courts and bifurcate

---

[1] R. Doc. 151.
[2] The motion was discussed at the status conference on October 9, 2019. Crosby did not express opposition to this kind of bifurcation. Third-party defendant Tetra Technologies, Inc. did note that it has asserted that the claims against it are based solely on general maritime law and thus do not belong before a jury. *See* R. Doc. 153 at 42-43. This issue, however, is not now before the Court.

trial here." *In re Crescent Energy Servs, LLC*, 2015 WL 7574771, at *4 (E.D. La. Nov. 25, 2015) (quoting *In re Marquette Transp.*, 2014 WL 6389978, at *5). The Court will try all issues to the jury except those pertaining to limitation of liability, and concurrently conduct a bench trial on the limitation issue based on the record from the jury trial, supplemented as needed by the parties. *See Brister*, 946 F.2d at 353.

New Orleans, Louisiana, this 11th day of December, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE