UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC., *IN REM*, PETITIONING FOR THE EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

## **OPINION**

Before the Court is a motion by petitioners Tara Crosby, LLC and Crosby Tugs, LLC (collectively, "Crosby") for review[1] of the United States Magistrate Judge's Order[2] granting a motion by claimants Robert Pitre and Joseph Hebert (collectively, "Claimants") to quash their second depositions and the deposition of their life-care planner Dr. Todd Cowen. Claimants respond in opposition.[3] The Court, having considered the United States Magistrate Judge's Order, the parties' memoranda, the history of the case, and the applicable law, hereby AFFIRMS the United States Magistrate Judge's Order.

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions, including discovery issues. 28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

---

[1] R. Doc. 188.
[2] R. Doc. 184.
[3] R. Doc. 191.

The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (internal quotation marks and citation omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Crosby has not demonstrated that the magistrate judge's order quashing the depositions was either clearly erroneous or contrary to law. Instead, the magistrate judge reasonably found that Crosby did not seek leave to redepose claimants under Federal Rule of Civil Procedure 30(b)(2)(A)(ii), that Crosby's notices of deposition were untimely (coming less than a week before the close of discovery), that Crosby waited until the eleventh hour to depose Dr. Cowen and then did so via a unilateral notice of deposition, and that Crosby did not demonstrate good cause for extending the discovery deadline.[4] Under the standard of review this Court is to employ, the magistrate judge's order should be viewed as a reasonable exercise of her broad discretion in resolving discovery disputes. Therefore, because the magistrate judge's order granting the motion to quash is neither clearly erroneous nor contrary to law, it is AFFIRMED.

New Orleans, Louisiana, this 14th day of January, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[4] The trial of this matter was continued after the magistrate judge entered her ruling. R. Doc. 161. However, the discovery period was not reopened, and Crosby has not shown good cause for this Court to do so now.