UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF TARA CROSBY,           CIVIL ACTION
L.L.C. AND CROSBY TUGS, L.L.C.,
AS THE OWNERS AND OWNERS PRO      NO. 17-5391
HAC VICE OF THE M/V CROSBY
COMMANDER AND HER CARGO,           SECTION M (4)
ENGINES, TACKLE, GEAR
APPURTENANCES, ETC., *IN REM*,
PETITIONING FOR THE
EXONERATION FROM AND/OR
LIMITATION OF LIABILITY

## **ORDER & REASONS**

Before the Court is a motion by Tetra Technologies, Inc. to reconsider[1] this Court's February 10, 2020 Order granting a motion *in limine* by claimants Robert Pitre and Joseph Hebert (collectively, "Claimants") to exclude all evidence, argument, and questioning concerning Hebert's supposed pre-accident substance abuse issues because such matters are irrelevant or unfairly prejudicial.[2] Tetra argues that it should be permitted to use such evidence for impeachment because Hebert denied pre-accident drug addiction during his deposition.[3] Crosby Tugs, LLC and Tara Crosby, LLC (collectively, "Crosby") join in Tetra's motion.[4] Claimants respond in opposition.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court finds that reconsideration of the challenged Order is unwarranted.

This Court's February 10, 2020 Order was an interlocutory order addressing pretrial issues. Rule 54(b) of the Federal Rules of Civil Procedure states in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

---

[1] R. Doc. 198.
[2] R. Doc. 197.
[3] R. Doc. 198-1 at 1-3.
[4] R. Doc. 204.
[5] R. Doc. 200.

> action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1434398, at *3-4 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009). A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. Manifest error is error that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Crain v. Schlumberger Tech. Co.*, 2016 WL 4508335, at *1 (E.D. La. Aug. 29, 2016) (citation omitted). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly."

*Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).

The Court is not persuaded that reconsideration is warranted. Tetra did not demonstrate that the Court's decision to exclude evidence of Hebert's prior substance abuse as irrelevant and more prejudicial than probative rested on any manifest error of law or fact or that reconsideration is necessary to prevent manifest injustice. It is undisputed that drugs played no part in the accident, so Hebert's prior substance abuse is irrelevant to any issue concerning the casualty. Under the balancing test of Rule 403 of the Federal Rules of Evidence, Hebert's doubtful response to a single deposition question should not open the door, for sake of impeachment, to this prejudicial line of inquiry. Further, Tetra could have raised its present argument regarding impeachment in response to Claimant's original motion *in limine* but it did not. Rule 59 is not the proper vehicle to raise arguments that could, and should, have been raised earlier.[6]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Tetra's motion to reconsider (R. Doc. 198) is DENIED.

New Orleans, Louisiana, this 18th day of March, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[6] To be sure, because Tetra did not join in Crosby's opposition to Claimants' original motion *in limine*, Tetra likely waived any right to seek reconsideration of the Court's ruling on the motion. Nevertheless, because Crosby joined in Tetra's motion to reconsider, the Court has weighed the merits of its motion.