UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC., *IN REM*, PETITIONING FOR THE EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

### ORDER & REASONS

Before the Court is the motion of petitioners-in-limitation Tara Crosby, L.L.C. and Crosby Tugs, L.L.C. (collectively, "Crosby") to release transcripts.[1] Claimants Robert Pitre and Joseph Hebert (collectively, "Claimants") oppose the motion.[2]

On November 4, 2019, this Court conducted a hearing on motions to disqualify counsel, one filed by Claimants seeking to disqualify Crosby's counsel, and the other filed by Tetra Technologies, Inc. seeking to disqualify Claimants' counsel. Due to the sensitive issues about the attorney-client relationships and communications raised in the motions, and pursuant to the agreement of all parties, the hearing was held under seal.[3] The Court subsequently denied both motions.[4]

The Claimants testified at the November 4, 2019 hearing. In the instant motion, Crosby requests that the Court allow "the court reporter to prepare and produce … transcripts of the testimony given by [Claimants] at the … hearing" and permit counsel of record to have access to

---

[1] R. Doc. 206.
[2] R. Doc. 207.
[3] R. Doc. 186.
[4] R. Doc. 190.

the transcript once prepared.[5]  Crosby contends that "the testimony provided by Claimants concerns the factual circumstances giving rise to this litigation and, as such, is highly relevant to Crosby's claims and defenses in this matter."[6]  Crosby argues that it should be permitted to use the transcript in this litigation because "while the protection of seal precludes general publication of the requested materials, it does not prohibit inspection by the parties themselves."[7]

In opposition, Claimants argue that "[n]othing in the parties' agreement on sealing the hearing exempted the testimony of the claimants from the seal," and that they should not be "penalized for asserting their rights relating to the attorney-client privilege,"[8] presumably by having their testimony transcribed and available for use in later proceedings in this matter.  Claimants reason that "[p]ermitting this now-sealed testimony to be invoked at a public trial will … shatter the seal order's protections over it" and will have allowed Crosby a free shot at discovery of the Claimants after the Court's discovery deadline.

The Court agrees with Crosby and will allow the Claimants' testimony to be transcribed, and the transcript to be used in this case, under certain conditions.  The purpose of sealing the hearing was to protect all parties and their counsel from public access to the testimony of witnesses and argument of counsel at the hearing directed to sensitive aspects of the attorney-client relationships and communications at issue.  The seal was never intended to shield the testimony from consideration by the Court or a jury in this very case. *Cf. Williams v. Luminator Holdings, LP*, 2012 WL 5878370, at *1 n.1 (N.D. Tex. Nov. 21, 2012) (rejecting effort to prohibit defendant's use of sealed documents to defend itself in litigation, observing: "That, of course, is not the effect of sealing court documents …. ***Sealing a document does not remove it***

---

[5] R. Doc. 206 at 1.
[6] R. Doc. 206-1 at 2.
[7] *Id*.
[8] R. Doc. 207 at 1-2.

2

***from the Court's consideration; it simply prevents public access.***") (emphasis added).

Steps are available to this Court to restrict public access to the hearing transcript or to any proceedings where the transcript is sought to be used.  These steps include, for example, sealing the transcript, while allowing any party to seek leave to unseal it for a limited purpose; restricting the transcript to "attorneys' eyes only," as Crosby suggests; and sealing the courtroom for that portion of a trial or other hearing at which the transcript is sought to be used.  These steps both effectuate the purpose of sealing the November 2019 hearing, and protect the parties' assertion of the attorney-client privilege, without foreclosing use in this case of the testimony provided at the hearing.

The parties' agreement to seal the hearing included no provision barring use of the testimony developed at the hearing.  Had the parties intended as much, they should have expressly said so.  Sworn testimony from prior court proceedings is often used for impeachment or other purposes in subsequent court proceedings.  *See*, *e.g.*, *United States v. Smith*, 776 F.2d 892 (10th Cir. 1985) (defendant allowed to question witness at second trial about prior inconsistent statement made at first trial in attempt to impeach him); *United States v. Parker*, 2016 WL 741967, at *9 (N.D. Ala. Feb. 24, 2016) (making transcripts of sealed testimony from first trial available to counsel for limited purpose of impeachment at second trial).  The need to ensure the integrity of trial by traditional truth-testing devices of the adversary process, such as impeachment, outweigh any policies that might support exclusion of testimony to protect a seal, which was imposed only to guard against public access.  *Cf. Jenkins v. Anderson*, 447 U.S. 231, 238 (1990) (once a defendant decides to testify, he may be required to face impeachment on cross-examination, which furthers the "function of the courts of justice to ascertain the truth"); *see also Kansas v. Ventris*, 556 U.S. 586, 593 (2009) ("The interests safeguarded by such exclusion are 'outweighed by the need to prevent perjury and to assure the integrity of the trial

3

process.'") (citation omitted).

In short, at this juncture, barring any and all use of the testimony from the sealed hearing (which is effectively what Claimants ask) would be inconsistent with the truth-seeking function of litigation and would have the perverse effect of shielding the testimony, given under oath by witnesses represented by counsel, from truth-testing devices like impeachment.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Crosby's motion to release transcripts (R. Doc. 206) is GRANTED, for the limited purpose of allowing the court reporter to transcribe the testimony, mark the transcript "For Attorneys' Eyes Only," file it under seal in this case, and distribute the transcript, once prepared, to counsel of record.  Thereafter, counsel must seek leave of court to use the transcript in any way, and such use shall be restricted to proceedings in this case, including, but not limited to, trial.

New Orleans, Louisiana, this 1st day of May, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE