UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, LLC AND CROSBY TUGS, LLC, AS THE OWNERS AND OWNERS *PRO HAC VICE* OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

## **ORDER & REASONS**

Before the Court is the renewed motion of petitioners Tara Crosby, LLC and Crosby Tugs, LLC ("Petitioners") for contempt and attorneys' fees and to strike claims[1] and a supplemental memorandum in further support of their motion.[2] Claimants Robert Pitre and Joseph Hebert ("Claimants") respond in opposition.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion for contempt.

On March 18, 2021, this Court granted in part Petitioners' original motion for contempt[4] by ordering Claimants to "answer in full each of Petitioners' interrogatories and requests for production on or before March 26, 2021."[5] In their renewed motion for contempt currently pending before the Court, Petitioners contend that Claimants "have provided the supplemental responses ordered by the Court [within the deadline], and they unbelievably still have refused to

---

[1] R. Doc. 228.
[2] R. Doc. 235.
[3] R. Doc. 232.
[4] R. Doc. 225.
[5] R. Doc. 227 at 2.

answer the key questions presented."[6]  Petitioners are frustrated because Claimants refused to answer "yes" or "no" to the questions the Petitioners summarized as:

> 1) Were you ever unable to get medical treatment because Crosby refused to pay for it?  If so, what treatment specifically were you denied?
>
> 2) Were you ever forced to pay for medical treatment out of your own pocket?  If so, what treatment specifically were you personally forced to pay for?[7]

Within an hour of the renewed motion being filed, Claimants contacted Petitioners in an attempt to resolve the issues as outlined in the motion.[8]  The next day, April 7, 2021, Claimants sent updated answers to Petitioners changing their answers to each of the questions to "None."[9]  Through this amendment, Claimants have given "a binding admission that Claimants will not tell a jury that (1) they were unable to seek medical treatment because of Crosby's unwillingness to pay or (2) they have personally paid and not been reimbursed for medical expenses."[10]

In response, Petitioners filed their supplemental memorandum to express their dissatisfaction with the documents produced in conjunction with the amended discovery responses and seek to strike from evidence "the Zehl Firm letters produced by Claimants."[11]  Claimants agree that the letters can be stricken from the record.[12]  These letters relate to an ongoing dispute between the parties about medical billing.  Claimants clarify that "[n]either Claimants or their counsel requested Petitioners reimburse anything other than the amounts paid to the medical providers; therefore, the loans used to pay the medical expenses, the conditions and terms thereto, and the interest accruing on the loans are irrelevant to Crosby's cure obligations."[13]

---

[6] R. Docs. 228-1 at 1.
[7] *Id.*
[8] R. Doc. 235 at 2.
[9] R. Doc. 235-1 at 3, 12; 232-2; 232-3.
[10] R. Doc. 232 at 4.
[11] R. Doc. 235 at 5.
[12] R. Doc. 232 at 6-7.
[13] *Id.* at 5-6.

It appears to the Court that Claimants complied with the narrow terms of this Court's March 18, 2021 order. And while Petitioners were not satisfied with Claimants' answers and expressed their disappointment with this renewed motion for contempt, Claimants responded to the motion by seeking to allay the concerns Petitioners raised. To be sure, the Court reads Claimants' opposition as conceding very nearly all the relief Petitioners seek (apart from a contempt finding and sanctions). Whether or not Claimants have satisfied Petitioners' concerns, they have satisfied the Court's. Thus, it appears that the issues raised by the motion for contempt are moot. Regardless, even if they are not, such disputes are more properly addressed in a motion to compel or a motion *in limine*.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Petitioners' motion for contempt and attorneys' fees and to strike claims (R. Doc. 228) is DENIED as moot.

New Orleans, Louisiana, this 14th day of April, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE