MINUTE ENTRY
ROBY, M.J.
4/28/2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY LLC | CIVIL ACTION |
| | NO. 17-5391 |
| | SECTION: "M" (4) |

| | |
|---|---|
| LAW CLERK: | Destinee N. Andrews |
| COURT REPORTER: | Jodi Simcox |

Appearances:  **Matthew O'Neil Greenberg & Bobby J. Delise** for Claimants Hebert and Pitre.
**Joseph E. Lee , III** for Petitioners.

## MINUTE ENTRY AND ORDER

Before the Court is a **Motion to Quash In-Person Depositions (R. Doc. 238)** filed by the Claimants Hebert and Pitre seeking the Court order that the depositions of Pitre and Hebert be taken by remote means. The motion is opposed. R. Doc. 242. The motion was heard on expedited consideration on April 28, 2021. R. Doc. 241.

### I.   Background

Petitioners Tara Crosby, L.L.C. and Crosby Tugs, L.L.C. (collectively "Crosby"), filed this instant action on May 31, 2017, in the United States District Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure following an offshore naval incident. R. Doc. 1. The incident occurred on May 29, 2017, when the M/V Crosby Commander encountered severe weather and sank in the Eugene Island Block 159, approximately thirty (30) nautical miles off the coast of Louisiana. R. Doc. 1, p. 3.

MJSTAR: 00:11

Claimants Robert Pitre ("Pitre") and Joseph Hebert ("Herbert") allege suffering injury when the M/V Commander sunk but also allege that severe weather was not the sole cause of injuries as Petitioners knew about the conditions and the size of the load the vessel was pulling, and knowingly and negligently sent them into harm's way anyway. R. Doc. 11, p. 8. More specifically, Claimants Herbert and Pitre allege that, in the course and scope of their employment as seamen for Crosby, and while attempting to tow an over-loaded barge, the M/V Crosby Commander encountered previously forecasted rough weather with winds speeds reaching sixty-five (65) miles per hour, which combined with the wave heights, caused the M/V Crosby Commander to sink. R. Doc. 11, p. 10-11.

While the four-man crew was able to evacuate the vessel and enter the water, Claimant Herbert was thrown from one side of the wheel house to the other sustaining severe back and bodily injuries; Claimant Pitre also sustained injuries to his back, neck, and body. R. Doc. 11, p. 11.

While the discovery deadline in this case has lapsed, the District Judge issued an order allowing for limited discovery on August 14, 2020. R. Doc. 215. In that order, the Court decided that Crosby may propound written discovery and take depositions, if necessary, directed to the issue of what medical expenses have been incurred and/or paid by Claimants and their attorneys. *Id.* In addition, the Court permitted Crosby to take updated depositions of Claimants Robert Pitre and Joseph Hebert, limited to matters that could not have been covered in their original depositions to include depositions questions regarding Claimants' current activities, their current physical and mental condition, their medical condition and treatment (including surgeries) since the date of their original depositions, any employment and/or efforts to obtain employment since their original

2

depositions, any intervening accidents or injuries, and the extent, if any, of their actual out-of-pocket payments for medical treatment. *Id.*

As to this instant motion, Claimants Pitre and Hebert contend that, in compliance with the Court's order, Crosby sent out notices of limited depositions for Pitre and Hebert to occur remotely on April 1, 2021 via Zoom, but on March 29, 2021 Crosby without warning cancelled its notices of deposition. R. Doc. 238-1. Thereafter, Crosby re-noticed the depositions to occur in-person on April 14, 2021. *Id.* Pitre and Hebert contend that the deposition should proceed forth via Zoom as the originally agreed upon method. *Id.* In support of this contention, Pitre and Hebert cite to the Covid-19 pandemic and stating the risk of in-person depositions at the time outweigh the benefit. *Id.*

In opposition, Crosby states while it originally noticed the deposition remotely, it always wanted the deposition to occur in-person. R Doc. 242. Crosby also states that its closer for claimants to travel to New Orleans than to their counsel's office; claimants will eventually have to travel to New Orleans for trial; and their counsel have been vaccinated against Covid-19 (although the status of claimants, claimants' counsel, the court reporter, and any potential staff is concededly unknown). *Id.* As such, Crosby requests the Court deny claimants' motion and require the deposition go forth in-person. *Id.*

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 30 governs depositions by oral examination. Fed. R. Civ. Pro. 30. Among other things, Rule 30 provides "[t]he parties may stipulate--or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1)." Fed. R. Civ. P. 30 (a)(4).

"The party seeking to take depositions by video-teleconferencing must establish a legitimate reason for its motion." *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008) (citations omitted). "Any party opposing such depositions has the burden to establish good cause as to why they should not be conducted in such manner." *Brown v. Carr*, 236 F.R.D. 311, 312 (S.D. Tex. 2006). "Generally, leave to take depositions by remote electronic means should be granted liberally." *Brown*, 253 F.R.D. at 412 (citing *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986) (addressing telephonic depositions) and *Robertson v. Vandt*, No. 1:03–cv–6070, 2007 WL 404896 (E.D. Cal. 2007) (granting request for a deposition by video-teleconference) (unpublished)).

### III. Analysis

In this situation the Court is once again asked to reevaluate whether or not it will require in-person depositions. The Court, including undersigned, has before addressed this issue in light of the Covid-19 Pandemic. *See, e.g., Antares Mar. Pte Ltd. v. Bd. of Commissioners of Port of New Orleans*, No. CV 18-12145, 2020 WL 7022752 (Roby, M.J.) (E.D. La. Nov. 30, 2020); *Ross v. Dejarnetti*, No. CV 18-11277, 2020 WL 7495555, at *4 (Roby, M.J.) (E.D. La. Dec. 21, 2020); *SAPS, LLC v. EZCare Clinic, Inc.*, No. CV 19-11229, 2020 WL 1923146, at *1 (Van Meerveld, M.J.) (E.D. La. Apr. 21, 2020).

Admittedly, when those decisions were rendered, a vaccine was yet to be distributed and made widely available to all adult-Americans. The Court is now asked to address in-person attendance at deposition in light of the fact that vaccines have been released to the general public and that the current standing order at the Eastern District of Louisiana suspending civil and criminal jury trials is set to expire on June 7, 2021. *See* COVID 19, General Order (21-4) available at: http://www.laed.uscourts.gov/attorney-information/rules-and-orders/general-orders.

Here, the Court is of the opinion that Crosby is asking a lot and going on little.

First, these depositions are update depositions and by their very nature limited. There is nothing inherently complex about these depositions nor any indication that these depositions are too voluminous to manage through remote means.

Second, while the vaccines may have some proven benefit, to say it completely safeguards one of all risk is false. The fact remains that the vaccine does not comport 100% efficacy and post-vaccination infections are common,[1] and, should a person suffer from a compromised immune system, the vaccine can have an even greater reduced efficacy.[2] Moreover, in addition to potentially still contracting the virus, the science is not clear whether people who are vaccinated can transmit the virus to others.[3]

The Court, here, makes no assumptions about the health status of those needed to conduct the depositions as, for many, the choice to return to a "normal" society and/or not participate in social distancing practices is a personal one. As is alluded to, the Court does not know the vaccination status of claimants, their counsel, the court reporter, or any support staff. The Court will not assume because counsel for Tetra and Crosby are vaccinated that this means that others are as well. In fact, current empirical data suggest only 25.83% of Louisiana's current population is vaccinated.[4] Nor will the Court require the others involved in this deposition give their

---

[1] *See* https://www.theatlantic.com/science/archive/2021/03/vaccine-breakthrough-cases/618330/; https://www.washingtonpost.com/health/how-did-that-happen-catching-covid-19-even-after-being-vaccinated/2021/04/23/a31983a6-a21b-11eb-a774-7b47ceb36ee8_story.html.

[2] *See* https://abcnews.go.com/Health/covid-19-vaccines-offer-complete-protection-people-compromised/story?id=77248931.

[3] *See* https://www.healthline.com/health-news/if-youre-vaccinated-can-you-transmit-covid-19-what-we-know#Vaccines-may-reduce-virus-infectiousness.

[4] *See* https://data.news-leader.com/covid-19-vaccine-tracker/louisiana/22/.

vaccination status or auto-immune status and questions potential HIPAA implications of requiring such.

In addition, the Court makes reference to the concept of social distancing and social pods or groups. While counsel for Crosby states that they can safely socially distance in one deposition room, the Court is not as sure. Since the beginning of this pandemic, the CDC has urged the American people to avoid close interactions with those outside their core pod, especially those larger group interactions. In adhering to this guidance, it is then logical for the Court then to assume that two or three groups of people in smaller numbers in separate rooms would be safer than requiring all the people necessary for this deposition in one single room.

Next, the Court addresses the fact that jury trials are set to resume June 7, 2021. The Court first notes, the standing General Order suspending jury trials in this district has been amended numerous times to further push back the dates in accordance with newer CDC guidance, scientific data, and empirical information. Moreover, while it may be true the Court is currently acting under the assumption that jury trials are to resume within the next two months, the fact of the matter remains that they have yet to actually begin. In this case, the depositions are currently set for May 5, 2021. R. Doc. 238-2. That is more than one month before the suspension of jury trials is set to expire. The Court, therefore, finds this argument as presented by Crosby of no great import.

The Court notes in its research on the matter where no other courts have yet begun to require deponents attend deposition in-person despite the release of vaccinations. *See, e.g., U.S. v. Berglund*, No. 20CR00200SRNTNL, 2021 WL 1589548, at *2 (D. Minn. Apr. 23, 2021) (noting deposition could be taken by remote video means even though vaccination rates increasing where some deponent refuse to travel until vaccine fully administered and other refused the vaccine—also noting age and risks associated where one deponent was elderly and another lived with his

6

elderly father); *Novello v. Progressive Express Ins. Co.*, No. 8:19-CV-1618-KKM-JSS, 2021 WL 1597937, at *1 (M.D. Fla. Apr. 23, 2021) (granting motion for witnesses to testify by video means during jury trial). While districts differ based on regional differences, variants, and possibilities for a surge, the consensus remains that forcing someone to attend an in-person proceeding who feels it would be unsafe for their health when remotely means are just as efficient and practical is quite unnecessary.[5]

Finally, the Court notes that by agreement counsel had previously agreed to conduct these depositions by remote means via Zoom. The Court will not allow Petitioners to now renege on its earlier agreement considering the totality of circumstances aforementioned.

Still, to alleviate any concerns that opposing counsel may have in conducting remote depositions, the Court institutes the following protocol:

1. The applicable Federal Rules of Civil Procedure and Eastern District of Louisiana Local Rules shall be followed at all times.

2. The court reporter for the deposition conducted via video conference shall administer the oath or affirmation to the deponent remotely and transcribe the deposition testimony remotely.

3. No other attendees other than the parties to the subject lawsuit, their representative counsel, and counsel for the witness, shall be allowed to participate in the video conference deposition without prior consent of all counsel. This includes appearing individually within the video conference platform and/or being present within the room where the attendee is viewing the videoconference deposition.

---

[5] The Court further notes that the Parish of Orleans in particular has been quite strict in the easing of any Covid-19 guidelines.

4. No participant in the deposition may utilize the "chat" function (or similar private communication function) of the video-conference platform, except to facilitate the sharing of documents during the deposition. In no event shall the "chat" function be used for any counsel to communicate directly with the witness.

5. At no time during the deposition shall any counsel text, message, email, or transmit any messages to the witness(es) in order to help respond to any and all questions.

6. Before the witness is sworn, all cellphones shall be placed in the silent mode. All parties and counsel will disable notifications on their devices to avoid disruption of the audio and video stream during the deposition.

7. The witness and all counsel or parties appearing on the record shall state their appearances clearly for the record, and they shall not disable their cameras during the deposition unless there is a break.

8. All documents or other exhibits, except those to be used for impeachment, shall be shared with all counsel no later than ten (10) days prior to the deposition and said documents shall be bate-stamped, marked as exhibits, or both. No later than five (5) business days prior to the deposition all documents shall be provided to the court reporting service. Those documents or other exhibits used for impeachment must be shared with all participants when introduced on the record via the share screen, or similar feature on the platform and attached as an exhibit to the deposition.

*Antares*, 2020 WL 7022752, at *5 (citing *Ross v. Dejarnetti* (2:18-cv-11277-NJB-KWR), July 8, 2020 Minute Entry and Order (R. Doc. 64)).

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that Claimants' **Motion to Quash In-Person Depositions (R. Doc. 238)** is **GRANTED**.

New Orleans, Louisiana, this 29th day of April 2021.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**