UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, LLC AND CROSBY TUGS, LLC, AS OWNERS AND OWNERS *PRO HAC VICE* OF M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

# **ORDER**

Before the Court is a motion to modify scheduling order to permit updated discovery depositions of plaintiffs and physicians, filed by petitioners Tara Crosby, LLC and Crosby Tugs, LLC (together, "Crosby").[1] The motion was set for submission on April 21, 2022.[2] In its motion, Crosby represents that claimants Robert Pitre and Joseph Herbert (together, "Claimants") oppose the relief sought.[3] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which, in this instance, was April 13, 2022. Claimants did not file an opposition. Having considered Crosby's submission, the record, and the applicable law, the Court grants the motion to allow limited discovery.

In its motion, Crosby argues that "a modification of the existing Scheduling Order is warranted and necessary to allow [it] to conduct limited discovery directed toward the issues of damages, medical care, need and expenses in advance of the July 25, 2022, trial of this matter."[4]

---

[1] R. Doc. 270.
[2] R. Doc. 270-2.
[3] R. Doc. 270 at 2.
[4] *Id.* at 1.

1

Accordingly, Crosby requests that it be allowed to propound written discovery and take depositions of Claimants and their treating physicians on certain, limited issues relating to Claimants' current conditions and activities.[5]  This limited discovery is "necessary to resolve issues related to maintenance and cure, damages, disability, [and] intervening accidents," says Crosby, and could not have been asked in prior depositions.[6]

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."  *Garza v. Webb Cnty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Furthermore, the Federal Rules of Civil Procedure require leave of court for a party to take a deposition of a deponent who has already been deposed in a case, unless the parties have stipulated otherwise.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  A court may limit discovery, including the number of depositions taken, if it is: (1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the person seeking the discovery has had ample opportunity to obtain the same information by discovery in the action; or (3) the burden or expense of taking the discovery outweighs its likely benefit.  *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008) (citing Fed. R. Civ. P. 26(b)(2)(C)).  Some courts have determined that a "good cause" standard also applies when determining whether to reopen or retake a deposition.  *See Kleppinger v. Tex. Dep't of Transp.*,

---

[5] R. Docs. 270 at 1-2; 270-1 at 1.  Specifically, Crosby seeks to propound written discovery and take depositions of (1) Claimants "to determine their current condition and facts which might pertain to the nature of ongoing treatment (if any), existence of physical restrictions (if any), employment and any related matters," and medical expenses; (2) Claimants' treating physicians to determine "the Claimants' current activities, current physical/mental condition, any future surgeries, any employment or physical restrictions, any intervening accidents/injuries, and the extent, if any, of paid and unpaid medical treatment." R. Doc. 270 at 1-2.

[6] R. Doc. 270-1 at 1.

283 F.R.D. 330, 335 n.7 (S.D. Tex. 2012) (collecting cases). "The Trial Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial." *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960).

The Court finds that good cause exists to modify the scheduling order to permit the limited discovery and depositions Crosby requests. Crosby has attempted to obtain certain of the information sought by proposed depositions and written discovery, including, *inter alia*, "accurate and reliable evidence of medical bills," from other, more convenient sources, but without success.[7] Such discovery is permissible, given that Claimants continue to receive ongoing medical treatment.[8] Because Crosby's proposed depositions and written discovery will be confined to issues that could not have been covered previously, the Court finds that the proposed discovery will not be unreasonably cumulative or duplicative. In addition, the Court finds that the burden of the updated discovery does not outweigh its likely benefit. Accordingly,

IT IS ORDERED that Crosby's motion to modify scheduling order (R. Doc. 270) is GRANTED and that Crosby is permitted to conduct the limited discovery it requests in its motion and accompanying memorandum in support.

New Orleans, Louisiana, this 19th day of April, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] R. Docs. 270 at 2; 270-1 at 5.
[8] R. Doc. 270-1 at 3-4.