UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF TARA CROSBY, LLC AND CROSBY TUGS, LLC, AS OWNERS AND OWNERS *PRO HAC VICE* OF M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

CIVIL ACTION

NO. 17-5391

SECTION M (4)

# ORDER

Before the Court is a motion for reconsideration and clarification filed by claimants Robert Pitre and Joseph Herbert (together, "Claimants"),[1] in which they ask this Court to revisit its Order modifying the scheduling order to permit petitioners Tara Crosby, LLC and Crosby Tugs, LLC (together, "Crosby") to take updated discovery depositions of Claimants and their treating physicians.[2] Crosby opposes the motion.[3] Having considered the parties' submissions, the record, and the applicable law, the Court sees no reason to reconsider its previous decision allowing Crosby certain limited discovery.

Crosby sought "a modification of the existing Scheduling Order … to allow [it] to conduct limited discovery directed toward the issues of damages, medical care, need and expenses in advance of the July 25, 2022, trial of this matter."[4]  In particular, Crosby requested that it be allowed to propound written discovery and take depositions of Claimants and their treating

---

[1] R. Doc. 273.
[2] R. Doc. 271.
[3] R. Doc. 278.
[4] R. Doc. 270 at 1.

1

physicians on certain, limited issues relating to Claimants' current conditions and activities,[5] representing that this limited discovery is "necessary to resolve issues related to maintenance and cure, damages, disability, [and] intervening accidents," which matters could not have been addressed in prior depositions.[6]

In its Order, the Court specifically found that Crosby had shown good cause to modify the scheduling order to permit the limited discovery and depositions it requested.[7] The Court also found that that the proposed discovery would not be unreasonably cumulative or duplicative, and that the burden of the updated discovery did not outweigh its likely benefit.[8] While a district court's interlocutory order can be reconsidered at any time before entry of judgment, *see Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017), the Court is convinced that its previous decision is correct. Accordingly,

IT IS ORDERED that Claimants' motion for reconsideration and clarification (R. Doc. 273) is DENIED and that the limited discovery the Court previously allowed should proceed without further delay.

New Orleans, Louisiana, this 26th day of April, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] R. Docs. 270 at 1-2; 270-1 at 1. Specifically, Crosby sought to propound written discovery and take depositions of (1) Claimants "to determine their current condition and facts which might pertain to the nature of ongoing treatment (if any), existence of physical restrictions (if any), employment and any related matters," and medical expenses; (2) Claimants' treating physicians to determine "the Claimants' current activities, current physical/mental condition, any future surgeries, any employment or physical restrictions, any intervening accidents/injuries, and the extent, if any, of paid and unpaid medical treatment." R. Doc. 270 at 1-2.
[6] R. Doc. 270-1 at 1.
[7] R. Doc. 271 at 3.
[8] *Id.*