UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF TARA CROSBY, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CROSBY COMMANDER AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC., *IN REM*, PETITIONING FOR THE EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 17-5391<br><br>SECTION M (4) |

### ORDER

Before the Court is a motion by claimants Robert Pitre and Joseph Hebert (together, "Claimants") to modify the scheduling order to allow them to re-depose Monty Savoy, Crosby Tugs LLC's corporate representative.[1]  Claimants argue that re-deposing Savoy is necessary because Savoy deferred his answers to certain questions until the Coast Guard's report of the incident was released.[2]  Claimants also argue that allowing the deposition will not delay the trial and is equitable because petitioners Tara Crosby, LLC and Crosby Tugs, LLC (together, "Crosby") will be deposing them for a third time.[3]  Crosby responds in opposition arguing that the Coast Guard report was available in 2018, and Claimants have not explained why they waited until now to seek to re-depose Savoy.[4]  Further, Crosby argues that the Coast Guard report is inadmissible at trial and any testimony regarding post-accident investigation is irrelevant.[5]

---

[1] R. Doc. 291.
[2] R. Doc. 291-1 at 1-2.
[3] *Id.* at 2-3.
[4] R. Doc. 293 at 3.
[5] *Id.* at 2-3.

In reply, Claimants argue that they seek to ask Savoy factual questions about the role the Coast Guard report played in Crosby's investigation of the accident.[6]   They also argue that discovery is broader than admissibility so they should be allowed to ask questions that could result in information bearing upon the cause of the sinking even if the Coast Guard report is inadmissible.[7]   Further, Claimants argue that there was no "meaningful delay" in their request to re-depose Savoy because they only received the report in May 2021 in response to their Freedom of Information Act requests.[8]

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."  *Garza v. Webb Cnty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Furthermore, the Federal Rules of Civil Procedure require leave of court for a party to take a deposition of a deponent who has already been deposed in a case, unless the parties have stipulated otherwise. Fed. R. Civ. P. 30(a)(2)(A)(ii).  A court may limit discovery, including the number of depositions taken, if it is: (1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the person seeking the discovery has had ample opportunity to obtain the same information by discovery in the action; or (3) the burden or expense of taking the discovery outweighs its likely benefit.  *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008) (citing Fed. R. Civ. P. 26(b)(2)(C)).  Some courts have determined that a "good cause" standard also applies when

---

[6] R. Doc. 296 at 2.
[7] *Id.* at 3.
[8] *Id.* at 3-4.

determining whether to reopen or retake a deposition.  *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 335 n.7 (S.D. Tex. 2012) (collecting cases).  "The Trial Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial."  *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960).

Having considered the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that Claimants' motion to amend the scheduling order to allow for a second deposition of Savoy (R. Doc. 291) is DENIED.  Claimants have not shown good cause for reopening discovery to re-depose Savoy at this late juncture considering that the Coast Guard report has been available for nearly four years, and available to Claimants for over a year.

New Orleans, Louisiana, this 1st day of June, 2022.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE